IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VASANT REDDY<br>1116 Foulkrod Street<br>Philadelphia, PA 19124<br><br>Plaintiff,<br><br>v.<br><br>SCHNEIDER NATIONAL, INC.<br>3101 S Packerland Drive<br>Greenbay, WI 54313<br><br>Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

## CIVIL ACTION COMPLAINT

Plaintiff Vasant Reddy (hereinafter "Plaintiff"), by and through his undersigned counsel, hereby complains as follows against Defendant Schneider National, Inc. (hereinafter "Defendant").

### INTRODUCTION

1. This action arises from Defendant's violations of Title VII of the Civil Rights Act of 1964 ("Title VII"). Specifically, Plaintiff avers that Defendant failed to accommodate his religious beliefs and terminated him because of his religious beliefs and in retaliation for requesting an accommodation because of his religious beliefs, all in violation of Title VII.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action is initiated pursuant to Title VII, a law of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts within this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant.

4. Venue is properly laid in this district pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

6. Plaintiff may properly file the instant claim pursuant to Title VII because he timely filed a charge of discrimination with the EEOC and has filed the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

7. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

8. Plaintiff is an adult individual with an address as set forth above in the caption.

9. Defendant is a corporation with an address as set forth above in the caption.

10. Defendant is a corporation which provides trucking and transportation services.

11. Defendant operates at least one facility in this judicial district.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

13. Plaintiff is a Muslim.

14. Plaintiff was hired by Defendant in or about May 7, 2009.

15. Throughout Plaintiff's employment with Defendant, Plaintiff was employed as a truck driver.

16. Plaintiff holds, and at all times relevant herein held, a sincerely held religious belief that he cannot consume, possess, or transport alcohol or tobacco.

17. Prior to commencing his employment with Defendant, Plaintiff requested that Defendant accommodate his religious beliefs by not requiring him to transport alcohol or tobacco.

18. On or about June 2, 2009, Defendant assigned Plaintiff a delivery which required him to transport alcohol.

19. Plaintiff informed his supervisor that he could not make the delivery because his religious convictions forbade him from transporting alcohol.

20. Plaintiff's supervisor instructed him that if he refused to transport the alcohol, it would be considered an operational violation and would result in his termination.

21. Upon information and belief, in June of 2009 less than 5% of the loads Defendant transported contained alcohol and/or tobacco.

22. Plaintiff thereinafter requested that Defendant accommodate his religious beliefs by assigning him a load which would not require him to transport alcohol.

23. Defendant assigned Plaintiff to transport a load which did not contain alcohol.

24. Plaintiff completed the non-alcoholic load without incident.

25. Upon information and belief, Defendant assigned another driver to transport the load which contained alcohol, and that driver completed the load without incident.

26. However, two days later, on June 4, 2009, Defendant informed Plaintiff that he would be terminated because he refused to transport the load containing alcohol; however, Defendant gave Plaintiff the option of resigning in lieu of termination

27. Plaintiff thereafter resigned.

28. Plaintiff was constructively discharged because of his religion and/or because he requested an accommodation for his sincerely held religious beliefs.

## COUNT I
## Violations of Title VII
## (Religious Discrimination)

29. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

30. Defendant fired Plaintiff because of Plaintiff's Muslim beliefs that he could not transport alcohol.

31. Defendant's aforementioned conduct violated Title VII.

32. Defendant's aforementioned conduct caused Plaintiff to suffer damages.

## COUNT II
## Violations of Title VII
## (Failure to Accommodate Religious Beliefs)

33. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

34. Upon information and belief, in June of 2009 less than 5% of the loads Defendant transported contained alcohol and/or tobacco.

35. At all times relevant herein, Plaintiff held a sincere religious belief that he could not transport alcohol and/or tobacco.

36. Plaintiff requested Defendant accommodate his belief by not assigning him loads which contain alcohol and/or tobacco and by not penalizing him for not transporting same.

37. Defendant could have accommodated Plaintiff's request without incurring an undue hardship.

38. Defendant failed to accommodate Plaintiff's religious beliefs.

39. Defendant's aforementioned conduct violated Title VII.

40. Defendant's aforementioned conduct caused Plaintiff to suffer damages.

## COUNT III
## Violations of Title VII
### (Retaliation)

41. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

42. Requesting an accommodation for a sincerely held religious belief is a protected activity under Title VII.

43. Plaintiff's requests for an accommodation not to transport alcohol because of his sincerely held religious belief constituted protected activity under Title VII.

44. Plaintiff's request for a religious accommodation was just two days before his termination.

45. Defendant terminated Plaintiff in retaliation for seeking an accommodation for his sincerely held religious belief.

46. Defendant's aforementioned conduct violated Title VII.

47. Defendant's aforementioned conduct caused Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff and other employees on any basis forbidden by state or federal law;

B. Defendant is to promulgate and adhere to a policy prohibiting discrimination, harassment and retaliation in the workplace;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, insurance, benefits, training, promotions, and seniority.

D. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants actions;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded punitive damages in an amount believed by the trier of fact to punish Defendant for its willful and malicious actions toward Plaintiff and to deter other companies from engaging in the same or similar conduct;

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law in addition to any multiplier(s) that this Court might find applicable;

H. This Court should maintain jurisdiction over the instant action to ensure full compliance with its Orders therein until such time it is satisfied that its Orders and dictates have been complied with in full by Defendant; and

I. Plaintiff shall have a trial by jury.

Respectfully Submitted,

/s/ Justin L. Swidler
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Dated: October 12, 2010